OPINION
{¶ 1} Plaintiff-appellant, TCC Management, Inc. ("appellant"), appeals from the judgment of the Franklin County Municipal Court setting aside appellant's default judgment against defendant-appellee, Denise Clapp ("appellee").
 {¶ 2} On April 28, 2004, appellant filed a complaint against appellee and her husband, Eric M. Clapp ("Mr. Clapp"), in the Franklin County Municipal Court to recover amounts due on a credit card account. The clerk of courts mailed summons and copies of appellant's complaint to appellee and Mr. Clapp via certified mail. Although Mr. Clapp signed return receipts for the certified mail envelopes addressed to himself and to appellee, neither Mr. Clapp nor appellee filed an answer to appellant's complaint.
 {¶ 3} On June 23, 2004, appellant moved the trial court for a default judgment against appellee and Mr. Clapp. The following day, the trial court granted appellant's motion and entered judgment against appellee and Mr. Clapp, jointly and severally, in the amount of $6,798.50 plus accrued interest in the amount of $1,314.22, plus interest at the rate of 18 percent per annum after the date of judgment, plus the costs of the action.
 {¶ 4} On August 31, 2004, appellee filed a motion to set aside the default judgment against her, arguing that appellant failed to perfect service of process on her. Appellee claimed that Mr. Clapp did not advise her of appellant's complaint and that she first became aware of the instant action when her employer notified her that her wages had been garnished. In support of her motion, appellee submitted an affidavit, in which she stated that she never received service of summons or a copy of appellant's complaint and that she had no knowledge of the case until she learned of the wage garnishment.
 {¶ 5} Appellant opposed appellee's motion to set aside the judgment in a memorandum contra filed September 3, 2004. Appellant argued that, whether or not appellee herself received the summons and complaint, service to appellee's residence was consistent with due process standards and was reasonably calculated to give appellee notice of the pending action. Therefore, appellant asserted that the certified mail service to appellee's residence, signed for by Mr. Clapp, was valid. Appellant also argued that appellee had no legal grounds to defend against appellant's claims under Civ.R. 60(B).
 {¶ 6} On December 9, 2004, an affidavit executed by Mr. Clapp was filed in the trial court. In his affidavit, Mr. Clapp identified himself as appellee's estranged husband and stated that, although he signed for the certified mail envelope addressed to appellee, he did not open the envelope or give the envelope to appellee.
 {¶ 7} On December 15, 2004, the trial court granted appellee's motion to set aside the default judgment against her and ordered appellee to file an answer to appellant's complaint by January 14, 2005. This appeal followed.
 {¶ 8} Appellant sets forth the following assignments of error:
First Assignment of Error
The Court erred by granting Defendant-Appellee, Denise Clapp's, Motion to Set Aside Judgment pursuant to Ohio Civil Rule 60(B) despite Defendant being properly served at her residence with Plaintiff's Complaint via Certified Mail Service on or about May 4, 2004, and signed for by her husband Eric M. Clapp who also resided at the same address.
Second Assignment of Error
The trial court erred by granting Defendant-Appellee, Denise Clapp's Motion to Set Aside Judgment pursuant to Ohio Civil Rule 60(B) without a hearing.
Appellant's assignments of error are interrelated and we will therefore discuss them together. Both of appellant's assignments of error relate to the propriety of the trial court setting aside the default judgment against appellee.
 {¶ 9} Appellant initially argues that the trial court should have denied appellee's motion because service of process had been perfected upon appellee. It is well-established that a defendant must be properly served with process before a court may exercise personal jurisdiction over her. Community Ins. Co. v. Sullivan (June 30, 1997), Franklin App. No. 96APE12-1750. A judgment in the absence of personal jurisdiction over the defendant is void. Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64. Thus, appellee's motion to set aside the default judgment against her was a motion to vacate an allegedly void judgment. A trial court's decision regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion. C W Invest.Co. v. Midwest Vending, Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688, at ¶ 7.
 {¶ 10} A trial court's authority to vacate a void judgment does not derive from Civ.R. 60(B); rather, it is an inherent power that Ohio courts possess. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Thus, "[a] party who asserts that a court lacked personal jurisdiction because service of process was not proper need not establish that the requirements of Civ.R. 60(B) have been met." CommunityIns. Co. Particularly, the movant need not set forth a meritorious defense or demonstrate the timeliness of her motion. Rite Rug Co., Inc.v. Wilson (1995), 106 Ohio App.3d 59, 62-63.
 {¶ 11} Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail. Pursuant to Civ.R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person. Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf. When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee. NewCo-Operative Co. v. Liquor Control Comm., Franklin App. No. 01AP-1124, 2002-Ohio-2244, at ¶ 8. Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent. Id.
 {¶ 12} In the instant case, the clerk of courts mailed summons and copies of appellant's complaint addressed to appellee and Mr. Clapp at their residence via certified mail, as permitted by Civ.R. 4.1(A). Mr. Clapp undisputedly signed the return receipts for the certified mail envelopes addressed to himself and appellee. The return receipt, signed by Mr. Clapp, creates a presumption that appellee was validly served.
 {¶ 13} Appellant argues that, because the certified mail envelopes were mailed to appellee's address and signed for by appellee's husband, the court's analysis is at an end and it is irrelevant whether appellee actually received the summons and complaint. However, the presumption of valid service that arises from appellant's compliance with the civil rules is rebuttable by sufficient evidence demonstrating non-service. NewCo-Operative Co. at ¶ 9, citing Grant v. Ivy (1980), 69 Ohio App.2d 40,42. Ohio courts, including this court, have repeatedly considered claims of failed service even where service was mailed to the correct address. See New Co-Operative Co.; Gupta v. Edgecombe, Franklin App. No. 03AP-807, 2004-Ohio-3227; Ohio Civ. Rights Comm. v. First Am.Properties, Inc. (1996), 113 Ohio App.3d 233; United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115.
 {¶ 14} In support of her assertion that she was not properly served, appellee submits her affidavit in which she states that she never received service of summons or a copy of appellant's complaint. The record also contains Mr. Clapp's corroborating affidavit in which Mr. Clapp states that, although he signed for and received the certified mail envelope addressed to appellee, he neither opened it nor gave it to appellee. The affidavits of appellee and Mr. Clapp are uncontested.
 {¶ 15} In determining whether a defendant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of non-service. NewCo-Operative Co. at ¶ 9, citing Taris v. Jordan (Feb. 20, 1996), Franklin App. No. 95APE08-1075. A trial court is not required to give preclusive effect to a movant's sworn statement that she did not receive service of process when the record contains no other indication that service was ineffectual. Oxley v. Zacks (Sept. 29, 2000), Franklin App. No. 00AP-247. However, such a sworn statement at least warrants the trial court conducting a hearing to determine the validity of the movant's statement. Wilson's Auto Serv., Inc. v. O'Brien (Mar. 4, 1993), Franklin App. No. 92AP-1406. Thus, a trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing. Id.; Baumann v.Purchase Plus Buyer's Group, Inc. (Nov. 29, 2001), Franklin App. No. 01AP-297.
 {¶ 16} Although a trial court may not summarily overrule a motion to vacate a judgment for lack of service without conducting a hearing, this court has held that, where a defendant's sworn statement that she received no service of process is left unchallenged, a trial court does not abuse its discretion in finding that service was void ab initio.Grant at 43. See, also, Community Ins. Co. In the instant case, appellee presented not only her own affidavit but the affidavit of her estranged husband who signed for the certified mail addressed to appellee. Despite the fact that the trial court's default judgment will remain valid against him, Mr. Clapp stated that he did not advise appellee of the lawsuit against her and did not give appellee a copy of the summons or complaint. The affidavits of appellee and Mr. Clapp were unchallenged and overcame the presumption of valid service with respect to appellee. In the absence of valid service, the trial court had no personal jurisdiction over appellee. Therefore, the default judgment entered against appellee was void, and the trial court did not abuse its discretion in granting appellee's motion to set aside that judgment. Accordingly, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Petree and Travis, JJ., concur.