[Cite as *Platinum Restoration Contrs., Inc. v. Salti*, 2023-Ohio-4426.]

# COURT OF APPEALS OF OHIO
## EIGHTH APPELLATE DISTRICT
### COUNTY OF OHIO

PLATINUM RESTORATION       :
CONTRACTORS, INC.,

                                    :

        Plaintiff-Appellee,                No. 112476

                                    :

        v.

FOWAZ SALTI,                 :

        Defendant-Appellant.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 7, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-919506

---

### *Appearances:*

Davis & Young, Dennis R. Fogarty, and Ryan J. Kun, *for appellee*.

The Lindner Law Firm, LLC, and Daniel F. Lindner, *for appellant*.

ON SUA SPONTE RECONSIDERATION:[1]

SEAN C. GALLAGHER, J.:

{¶ 1} Upon review, this court sua sponte reconsiders its decision in this case. After reconsideration, the opinion released by this court on October 12, 2023, *Platinum Restoration Contrs., Inc. v. Salti*, 8th Dist. Cuyahoga No. 112476, 2023-Ohio-3709, is hereby vacated and substituted with this opinion.[2]

{¶ 2} Defendant-appellant Fowaz Salti appeals the trial court's denial of his motion for relief from judgment. For the reasons that follow, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶ 3} On August 8, 2019, plaintiff-appellee Platinum Restoration Contractors, Inc. ("Platinum"), filed a complaint raising claims of breach of contract and unjust enrichment against appellant. Platinum sought to recover amounts allegedly owed for work performed at appellant's property and for material provided. Appellant filed an answer and counterclaim, in which appellant alleged

---

[1] Sua sponte, the original decision in this appeal, *Platinum Restoration Contrs., Inc. v. Salti*, 8th Dist. Cuyahoga No. 112476, 2023-Ohio-3709, released on October 12, 2023, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

[2] Appellant filed a motion for en banc consideration following the release of the original opinion. "[B]y virtue of the jurisdiction conferred by Section 3(B), Article IV, Ohio Constitution, courts of appeals also have inherent authority in the furtherance of justice, to reconsider their judgments sua sponte." *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 594 N.E.2d 616 (1992), citing *Tuck v. Chapple*, 114 Ohio St. 155, 151 N.E. 48 (1926).

that Platinum had "breached the duty of care to perform the work in a satisfactory manner" and had caused damages to his property.[3]

{¶ 4} Appellant was initially represented by counsel in the matter; however, on September 23, 2020, his attorney filed a motion to withdraw as counsel. The attorney included an affidavit indicating he had an inability to devote time to the case and a lack of experience. An affidavit of appellant was also submitted indicating that appellant supported his attorney's motion for the reasons stated by his attorney. The trial court did not rule on the motion for seven months, during which time the court referred the matter for arbitration. On April 15, 2021, the trial court granted Platinum's motion to continue the arbitration, and it also granted the motion to withdraw as counsel that had been filed by appellant's attorney. The trial court indicated in its entry that the motion was granted upon defendant's consent; however, the trial court did not hold any hearing or make any inquiry on the motion, and the court proceeded to reschedule the arbitration the following month.

{¶ 5} On May 20, 2021, the case proceeded with the arbitration hearing. Appellant, who was not able to secure new counsel, appeared pro se. The arbitration resulted in an award to Platinum on the complaint and a decision against appellant on his counterclaim. Appellant, acting pro se, filed a "notice of arbitration appeal de novo" on June 21, 2021.

---

[3] Appellant's wife, Sabrina Suleiman, filed an intervening claim in the action, and Platinum filed a counterclaim thereto for malicious prosecution. Ultimately, judgment was rendered against Suleiman on her intervening claim and in favor of Platinum on its counterclaim. Suleiman is not a party to this appeal.

{¶ 6} After a trial date was set, Platinum electronically filed various motions, notices, and pretrial pleadings with the court, with service through the court's electronic filing system. A rescheduled trial date was eventually set for October 6, 2021. Appellant failed to appear for trial, and the trial court entered a judgment in favor of Platinum and against appellant in the amount of $45,639.04 plus statutory interest from the date of judgment. Judgment was also entered in favor of Platinum on appellant's counterclaim. On March 8, 2022, the trial court granted Platinum's supplemental motion to tax costs, including attorney fees, and the court awarded Platinum $18,120.17 in costs and fees. On June 22, 2022, the trial court entered judgment liens.

{¶ 7} On September 30, 2022, which was less than one year after the judgment was rendered, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant argued in part that he did not understand the import of his attorney's withdrawal and that he failed to attend the trial in the matter or otherwise defend in the case after his attorney withdrew because he never received any court notices, he was not able, despite his attempts, to obtain new counsel, and he did not understand the urgency of the situation. Appellant further stated that he did not learn of the judgment against him until he received a foreclosure complaint on September 8, 2022, which arose from the judgment sought to be vacated. Appellant made several allegations setting forth a meritorious defense to the claims. He also included a supporting affidavit with his motion and filed a supplemental affidavit with his reply brief. Among other averments, appellant maintained that

Platinum did not finish the job, that its faulty work caused further casualty loss because the pipes it installed burst, and that appellant had to hire alternative contractors to complete the work. Appellant further averred that his former attorney was permitted to withdraw due to the attorney's lack of competence and without any new counsel appearing in the case, and that appellant did not receive any of the court's e-filing notices or have knowledge of any of the court dates following his attorney's withdrawal. Appellant's motion to vacate was opposed by Platinum.

{¶ 8} On December 13, 2022, the trial court issued an opinion and judgment entry that denied appellant's motion upon determining that appellant failed to demonstrate any of the grounds for relief under Civ.R. 60(B)(1) through (5). This appeal followed.

{¶ 9} Under his sole assignment of error, appellant claims the trial court erred by denying his motion because the motion met the requirements of Civ.R. 60(B).

{¶ 10} An appellate court reviews a trial court's decision denying a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Hatfield v. Miller*, Slip Opinion No. 2023-Ohio-429, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988); *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} To prevail on a motion under Civ.R. 60(B), the movant is required to demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Civ.R. 60(B) relief is not warranted if any one of the requirements is not satisfied. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 154, 684 N.E.2d 1237 (1997), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 12} In this case, the record reflects that appellant filed his motion less than one year after the judgment was entered and shortly after he claims to have learned of the judgment against him. Further, appellant set forth a meritorious defense in his motion for relief from judgment and supporting affidavits. The issue before us centers upon the grounds for relief.

{¶ 13} In its decision, the trial court recognized that appellant had consented to the withdrawal of his counsel and appeared pro se in the action, having participated in the arbitration hearing and filed a notice of appeal from the arbitration award. Although appellant claimed a lack of notice for the trial and a lack of understanding, the trial court observed that the trial date was clearly indicated on the docket and found that it was incumbent on appellant to check the

docket to keep informed of the proceedings. *See Automated Solutions Corp. v. Paragon Data Sys.*, 167 Ohio App.3d 685, 2006-Ohio-3492, 856 N.E.2d 1008, ¶ 60 (8th Dist.), citing *State Farm Mut. Auto. Ins. Co. v. Peller*, 63 Ohio App.3d 357, 360-361, 578 N.E.2d 874 (8th Dist.1989) (recognizing that parties have the responsibility to keep themselves apprised of the court's entries to the docket and that the failure of the clerk of court to provide notice does not excuse compliance). As stated by the trial court, "[t]he failure to keep informed of the progress of an ongoing case does not qualify as excusable neglect." *See Garrett v. Gortz*, 8th Dist. Cuyahoga No. 90625, 2008-Ohio-4369 ("The failure to ensure proper mail delivery and keep informed of the progress of an ongoing case does not qualify as excusable neglect.") There have also been situations in which courts have found that a pro se litigant's ignorance of the case's status does not constitute excusable neglect under Civ.R. 60(B)(1). *See A.J. Constr. Co. v. Steel Valley Paving & Concrete, Inc.*, 11th Dist. Trumbull No. 2022-T-0098, 2023-Ohio-1537, ¶ 23 (recognizing a defendant had a duty to keep itself informed of the status of the case after its attorney withdrew); *Smith v. Hines*, 6th Dist. Lucas No. L-22-1075, 2023-Ohio-107, ¶ 25 (excusable neglect was not demonstrated where a pro se litigant exhibited a complete lack of attention to the process of the court after counsel withdrew).

{¶ 14} Nonetheless, this matter does not involve a pro se litigant who simply failed to check the docket, such that relief would be unwarranted under Civ.R. 60(B)(1) for failing to demonstrate excusable neglect. Rather, as further discussed below, there are distinguishing circumstances involved in this case that

demonstrate relief from judgment should have been granted under Civ.R. 60(B)(5) for "inexcusable neglect," which is a distinct concept from "excusable neglect."

{¶ 15} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civil Rule 60(B)" and the grounds for invoking the provision must be substantial. *Caruso-Ciresi, Inc.* at 66, citing Staff Note to Civ.R. 60(B); *Adomeit v. Baltimore*, 39 Ohio App. 2d 97, 105, 216 N.E.2d 469 (1974).

{¶ 16} This court has recognized that "Civ.R. 60(B)(5) is an appropriate ground to seek relief from a final judgment when asserting that counsel was grossly ineffective, abandoned his representation, and counsel's neglect was inexcusable." *Internatl. Total Servs. v. Estate of Nichols*, 8th Dist. Cuyahoga No. 107751, 2019-Ohio-4572, ¶ 15 (citations omitted) (finding relief from judgment was warranted under Civ.R. 60(B)(5) where appellant demonstrated his original counsel's conduct amounted to inexcusable neglect); *see also Champlain Ents. L.L.C. v. Kuiper*, 8th Dist. Cuyahoga No. 112248, 2023-Ohio-3059, ¶ 22-27 (finding relief from judgment was warranted for inexcusable neglect under Civ.R. 60(B)(5) when the defendant's affidavit demonstrated his attorney abandoned him and the defendant was not informed of any court dates). Inexcusable neglect is not a substitute for excusable neglect under Civ.R. 60(B)(5). Inexcusable neglect involves a matter of "extraordinary nature," as opposed to "simple lapses and technical failures" for

excusable neglect under Civ.R. 60(B)(1). *Nichols* at ¶ 16, citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 797, 613 N.E.2d 667 (2d Dist.1992). This court has found inexcusable neglect under Civ.R. 60(B)(5) in several other instances. *Champlain Ents.* at ¶ 25-27, citing *CD Group, Inc. v. Hospitality, L.L.C.*, 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652, ¶ 22 (finding inexcusable neglect where the defendant "demonstrated through his affidavit * * * that his attorney[s] abandoned their representation of him" and the defendant never received notices in the action); *Parts Pro Automotive Warehouse v. Summers*, 2013-Ohio-4795, 4 N.E.3d 1054, ¶ 24, 28 (8th Dist.) (finding inexcusable neglect "which rose to the level of abandonment," when the defendant was not notified of court proceedings by his attorney and the attorney failed to properly withdraw as counsel); *Whitt* at 797 (finding inexcusable neglect when the appellants "demonstrated through their affidavits that their attorney abandoned his representation of them").

{¶ 17} In this case, appellant's entitlement to relief under Civ.R. 60(B)(5) is apparent from the record, which demonstrates inexcusable neglect. Here, the trial court permitted appellant's attorney, who admittedly lacked experience and time to handle the matter, to withdraw from the action shortly before the arbitration occurred. Although appellant stated in an affidavit attached to his attorney's motion to withdraw that he supported the motion for the reasons identified by his attorney, it does not appear that the trial court confirmed whether the withdrawing attorney did anything to protect appellant's interests in the litigation or that the trial court inquired whether appellant desired new counsel or was insulated from foreseeable

prejudice. In a case involving similar circumstances, it could not be said with certainty that a party was not prejudiced by a lack of competent legal representation. *See Bennett v. Bennett*, 86 Ohio App.3d 343, 347, 620 N.E.2d 1023 (8th Dist.1993). Likewise, the record herein does not reflect any steps were taken to ensure appellant was not prejudiced by his attorney's withdrawal. *Compare Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041 (finding a trial court did not abuse its discretion in allowing withdrawal of counsel when the court took appropriate steps to ensure the mandates of Prof.Cond.R. 1.16(d) were followed and to make sure the defendant would not be prejudiced by the withdrawal). At the time the trial court permitted appellant's attorney to withdraw, no new counsel had been retained by appellant and an arbitration date and a trial date were set. Appellant's affidavits demonstrate that he was unable to retain new counsel during the height of the COVID-19 pandemic and he did not receive any court notices — including notice of the trial date — following his attorney's withdrawal from the case.[4] Thus, it is apparent from the record that appellant was prejudiced by the inexcusable neglect that occurred.

{¶ 18} We recognize that the trial court indicated in its decision that Platinum sent trial documents to appellant by email and personal delivery. However, the record reflects that Platinum relied upon the court's e-filing system for pretrial pleadings that were filed with the court, and appellant indicated that he did

---

[4] Although it is not verified from the record, appellant also alleges that court notices were emailed to the withdrawn attorney and were not forwarded to appellant.

not receive documents through that system. Although it appears that Platinum sent some communications to appellant via email regarding proposed trial dates, appellant argued that his incorrect email address was provided, and Platinum represented in a filing with the court that it did not receive any response. Thus, it is questionable if appellant received copies of any documents filed by Platinum. Further, appellant's affidavits established that he never received any court notices, including notice of the rescheduled trial date, which resulted in the final judgment against him. This was sufficient to warrant relief under Civ.R. 60(B)(5). *See Frantz v. Martin*, 8th Dist. Cuyahoga No. 92211, 2009-Ohio-2378, ¶ 13 (finding relief under Civ.R. 60(B)(5) was appropriate where notice regarding the rescheduled trial date was never provided to Martin).

{¶ 19} We find that the circumstances herein present a case of "inexcusable neglect" warranting relief under Civ.R. 60(B)(5) and that the trial court abused its discretion in denying appellant's motion for relief from judgment. The assignment of error is sustained.

{¶ 20} Judgment reversed; case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR