[Cite as *Northern Frozen Foods, Inc. v. Saadey*, 2024-Ohio-2264.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| NORTHERN FROZEN FOODS, INC., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 113048 |
| v. | : | |
| JOSEPH SAADEY, D.B.A., THE UPSTAIRS RESTAURANT, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-11-766742

### *Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., and Roy J. Schechter, *for appellee.*

James Vitullo, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Joseph Saadey, d.b.a. The Upstairs Restaurant ("Saadey") appeals from the trial court's order denying his Civ.R. 60(B) motion to vacate. For the following reasons, we affirm the judgment of the lower court.

**Factual and Procedural History**

{¶ 2} In October 2011, plaintiff-appellee Northern Frozen Foods, Inc. ("Northern") filed a complaint in the Cuyahoga County Court of Common Pleas against Saadey. The complaint alleged that Saadey owed Northern money for various restaurant equipment and food products pursuant to the terms of a credit agreement between the parties. The complaint sought the balance of $152,789.36, together with prejudgment and postjudgment interest at an annual rate of 18% beginning August 31, 2011.

{¶ 3} The only named defendant on the complaint was Saadey. Northern attached numerous exhibits to the complaint, including the credit agreement, which was attached as Exhibit A. The agreement listed the legal name of the business as The Upstairs Restaurant and listed the principal owner as John R. Strobel. In the complaint, Northern alleged that

> for all times relevant, the Defendant, Joseph Saadey, was the owner and operator of The Upstairs Restaurant. Plaintiff has reason to believe that John R. Strobel was not the owner of the restaurant although Plaintiff has no specifics with regards to the actual ownership of The Upstairs Restaurant.

On November 28, 2011, Saadey filed an answer.

{¶ 4} On May 23, 2012, the parties participated in a settlement conference. The record reflects that negotiations were ongoing through September 2012. On October 22, 2012, the court held a bench trial.

{¶ 5} Joel Watters ("Watters") testified that he had been employed by Northern since July 1, 2008, and currently worked as a customer financial services

manager. Watters testified that based on Northern's business records, as of the date of trial, he believed that Saadey owed Northern $157,983.50, less a payment of $2,700 received in July 2012. Of that total debt, Watters testified that the principal amount was $39,765.98.

{¶ 6} Saadey testified that he was the managing partner of the limited liability company, Saadey Enterprises, LLC, that operated The Upstairs Restaurant. Saadey testified that at some point, he met with representatives from Northern regarding outstanding invoices. Saadey testified that after that meeting, he made some additional payments to Northern and then stopped making payments. Saadey also testified that he did not believe that, based on his records, he owed Northern any money for unpaid invoices.

{¶ 7} At the conclusion of trial, the court asked the parties for proposed findings of fact and conclusions of law in lieu of closing arguments. After discussion with the parties, the court gave the parties until December 7, 2012, to submit proposed findings of fact and conclusions of law.

{¶ 8} The docket does not contain any reference to the October 22, 2012 trial beyond an October 24, 2012 entry referencing a court reporter fee, nor does it contain a journal entry or order memorializing the aforementioned discussion of proposed findings of fact and conclusions of law.

{¶ 9} On November 5, 2012, Northern filed a post-trial brief with proposed findings of fact and conclusions of law. On December 7, 2012, Saadey filed a post-trial brief with proposed findings of fact and conclusions of law.[1]

{¶ 10} On December 10, 2012, Saadey filed a motion to admit defendant's proposed Exhibit A into evidence. The motion was unopposed and granted by the court on January 4, 2013.

{¶ 11} There are no additional substantive[2] entries on the docket until February 11, 2020, when the court ordered the parties to submit post-trial briefs containing proposed findings of facts and conclusions of law within 45 days of that entry.

{¶ 12} On February 11, 2020, Northern filed a post-trial brief with proposed findings of fact and conclusions of law.

{¶ 13} On April 19, 2021, the trial court entered judgment in favor of Northern, finding that Saadey owed Northern $155,287.50 together with prejudgment and postjudgment interest at 18% per annum from the date of judgment.

{¶ 14} On April 20, 2021, the following entry appears in the docket, showing that the clerk of courts sent the judgment to Saadey's attorney of record:

---

[1] The electronic docket in this case does not include either party's 2012 post-trial brief. The electronic record is entirely devoid of any mention of Saadey's post-trial brief. The physical record contains the originally filed copies of both.

[2] On October 18, 2017, the docket contains an entry stating: "Court reporter allowed $214.20 received for filing." There are no other entries between January 4, 2013, and February 11, 2020.

Judgment entry (41199538) sent by regular mail service. To Richard G. Zellers.

{¶ 15} The docket also contains an entry on May 3, 2021, stating:

Regular mail service receipt no. 44199358 returned 05/03/2021 failure of service on defendant Zellers/Richard/G not delivrbl as addr notice mailed to pltfs attorney. $0.00.

{¶ 16} On March 17, 2021, the docket reflects that $197 in court costs were assessed to Saadey, of which $97 was still owed. On November 29, 2021, the docket reflects that Saadey paid the outstanding court costs.

{¶ 17} On December 21, 2022, Northern filed a motion for appointment of a receiver. This motion asserted that the judgment remained outstanding and the current balance due and owing as of September 26, 2022, was $195,550.07.

{¶ 18} On March 3, 2023, the court issued a journal entry stating:

Plaintiff has filed a motion to appoint a receiver. The receivership sought is for a judgment entered on a bench trial held on October 22, 2012. Service upon defendant was initially perfected on 10/19/2011. Given the length of time between the bench trial and the receivership motion, plaintiff is ordered to obtain new service under Civ.R. 4 upon defendant of the motion for receivership before the court will set a hearing.

{¶ 19} On April 6, 2023, new counsel entered a notice of appearance on behalf of Saadey. The same day, Saadey filed a Civ.R. 60(B) motion to vacate the April 19, 2021 judgment. Saadey's motion argued that as of the filing of the motion, he had not yet been served with the judgment in accordance with Civ.R. 58(B).

{¶ 20} On April 18, 2023, Northern filed a brief in opposition to Saadey's motion to vacate. On April 24, 2023, Saadey filed a reply brief in support of his motion to vacate. On April 26, 2023, Northern filed a sur-reply brief.

{¶ 21} The record reflects that attorney conferences were held on June 14, 2023, and July 13, 2023. On July 17, 2023, Northern withdrew its motion for appointment of a receiver.

{¶ 22} On July 17, 2023, the trial court denied Saadey's Civ.R. 60(B) motion to vacate. In a corresponding journal entry, the court stated:

> This case was tried to the bench, Judge Brian Corrigan presiding, on 10/22/2012. For reasons unknown Judge Corrigan did not issue a ruling on the bench trial until 04/19/2021. Judge Corrigan found in favor of plaintiff and awarded a judgment of $155,287.50.
>
> The order issued 04/19/2021 was served via regular mail to counsel for defendant but returned marked "not deliverable as addressed." At some point during post-judgment collection efforts, defendant learned of the judgment. On 04/06/2023 a motion to vacate the judgment was filed.
>
> Defendant challenges the service of the judgment. The judgment entry was served by the clerks office upon defendant's counsel at the address listed on the docket on 04/20/2021. The address appears to have changed as the service was returned marked not deliverable as addressed on 05/03/2021. Counsel is required to update his address with the court. Defendant claims that service must be perfected upon the defendant, not counsel. Civ.R. 5(B)(1), which governs the service of pleadings and other papers subsequent to the original complaint, provides: "If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party." Pursuant to Civ.R. 5(B)(2)(c) such service may be by regular mail.
>
> Defendant challenges the nine [years'] worth of accrued interest. However, upon review of the judgment issued 04/19/2021 it appears that the interest awarded was only what had accrued as of 10/22/2012, the date of trial.
>
> Finally, defendant asserts as a meritorious defense that the ruling was not made within 90 days as required under the rules of superintendence. This is not a defense to the merits of the underlying judgment.

For the foregoing reasons, [defendant's] motion to vacate is denied.

**{¶ 23}** Saadey filed a timely notice of appeal and raises a single assignment of error for our review:

> The trial court erred when it overruled the appellant's motion to vacate the judgment by finding that there was compliance with Civ.R. 58(B).

## Legal Analysis

**{¶ 24}** Saadey's sole assignment of error challenges the trial court's denial of his Civ.R. 60(B) motion to vacate. Saadey argues that the court should have granted his motion to vacate because he was never served with the nine-year-old judgment as mandated by Civ.R. 58(B). Notably, Saadey does not make any reference to the requirements of Civ.R. 60(B) in his opening brief or his reply brief.

**{¶ 25}** An appellate court reviews a trial court's decision denying a Civ.R. 60(B) motion for an abuse of discretion. *Platinum Restoration Contrs., Inc. v. Salti*, 2023-Ohio-4426, 231 N.E.3d 431, ¶ 10 (8th Dist.), citing *State ex rel. Hatfield v. Miller*, 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, ¶ 8, citing *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 562 (1988). A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 26}** To prevail on a motion under Civ.R. 60(B), the movant is required to demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Salti* at ¶ 11, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Civ.R. 60(B) relief is not warranted if any one of the requirements is not satisfied. *Id.*, citing *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 154, 684 N.E.2d 1237 (1997), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 27} Saadey's motion to vacate asserted that he had "several reasons supporting relief" from judgment pursuant to Civ.R. 60(B)(1) through (5). Specifically, Saadey argued that plaintiff's conduct in waiting nine years to submit a proposed judgment entry to the court can be construed as misconduct, supporting relief under Civ.R. 60(B)(3). This argument misconstrues the procedural history of this case.

{¶ 28} Both parties submitted post-trial briefs with proposed findings of fact and conclusions of law in the weeks following the 2012 trial. When the trial court, for no reason apparent in the record, ordered the parties to submit post-trial briefs in February 2020, over seven years later, Northern responded to this order by again filing a post-trial brief with proposed findings of fact and conclusions of law. This cannot be construed as misconduct by Northern.

{¶ 29} Saadey next argues that it is no longer equitable that the judgment should have prospective application; specifically, he argues that nine years of interest in excess of $118,000 is not equitable. This argument also constitutes a mischaracterization of the trial court's April 19, 2021 judgment. While this court is not endorsing such an inexplicable delay in judgment, our review of the record reveals that the amount of the judgment against Saadey does not include nine years' worth of interest.

{¶ 30} Finally, Saadey argues that pursuant to Civ.R. 60(B)(5), a nine-year delay in judgment is an adequate reason justifying relief from judgment. We reiterate that the record contains no explanation or justification for the lengthy delay between the trial and the judgment in this case. While we acknowledge that such a delay is extraordinary, the delay on its own does not render the court's judgment unjust. On the contrary, the court's judgment was entered after a bench trial, at which it heard testimony from Saadey and another witness and reviewed ample exhibits.

{¶ 31} In this appeal, Saadey makes minimal reference to the foregoing grounds for relief pursuant to Civ.R. 60(B). Instead, his argument centers on a failure of service of the court's April 19, 2021 judgment.

{¶ 32} Civ.R. 58(B) provides that

[w]hen the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note

the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 33} Civ.R. 5(B), in turn, provides that if a party is represented by an attorney, service shall be made on the attorney unless the court orders service on the party. Civ.R. 5(B)(2) provides that a document is served under the rule by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing."

{¶ 34} The record reflects that Saadey was represented by counsel throughout these proceedings. The clerk of courts sent the trial court's April 19, 2021 judgment to the last known address of Saadey's counsel by regular U.S. mail.

{¶ 35} Individuals have a continuing responsibility to notify the court of any changes in their mailing address. *Cashelmara Condominium Unit Owners Assn. v. Kish*, 8th Dist. Cuyahoga No. 111272, 2022-Ohio-3672, ¶ 28, citing *Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d 849. Although the docket reflects that the judgment sent to Saadey's attorney was returned, it also reflects that Saadey participated in the case shortly thereafter, in the form of paying court costs that were assessed in the April 19, 2021 judgment. Moreover, we reiterate that, pursuant to Civ.R. 58(B), any failure of the clerk to serve notice of the judgment does not affect the validity of the judgment.

{¶ 36} Therefore, based on the foregoing, the trial court did not abuse its discretion by denying Saadey's Civ.R. 60(B) motion to vacate. Saadey's assignment of error is overruled.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR