[Cite as *Landers Lewis Ins. Agency & Consulting Serv., L.L.C. v. Buchanan & Landers Ins. Group, L.L.C.*, 2025-Ohio-1791.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LANDERS LEWIS INSURANCE AGENCY AND CONSULTING SERVICE, LLC,

Plaintiff-Appellee,

v.

BUCHANAN & LANDERS INSURANCE GROUP, LLC ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0100

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CV 01384

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Thomas C. Nader,* Nader & Nader, for Plaintiff-Appellee and

*Atty. Adam V. Buente,* The Law Office of Adam V. Buente, LLC, for Defendants-Appellants.

Dated: May 19, 2025

**DICKEY, J.**

{¶1} Appellants, Buchanan & Landers Insurance Group, LLC ("Buchanan & Landers"), Kenya Buchanan ("Kenya"), and Michael Buchanan ("Michael") (collectively ("Appellants"), appeal from the October 2, 2024 judgment of the Mahoning County Court of Common Pleas denying their Civ.R. 60(B) motion to vacate, overruling their objections, and upholding summary judgment in favor of Appellee, Landers Lewis Insurance Agency and Consulting Service, LLC. On appeal, Appellants assert the trial court erred in denying their motion to vacate because Appellee failed to comply with the service provisions under both Civ.R. 4 and 5. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} In October 2020, the parties entered into an asset purchase agreement. Thereafter, on July 17, 2023, Appellee filed a complaint against Appellants alleging breach of contract on two promissory notes. The trial court issued a summons and a copy of the complaint to Appellants via certified mail at the following address: 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Service was successful on Kenya, Buchanan & Landers' agent, on August 7, 2023. On August 8, 2023, service on Buchanan & Landers was initially listed as questionable with the court ultimately listing service as successful with unknown signature. On August 11, 2023, service on Michael was initially listed as questionable with the court ultimately listing service as successful with unknown signature. After receiving service of the complaint, on September 25, 2023, Appellants, by and through their counsel, Attorney Anthony J. Glase, filed an answer and counterclaim. Appellants indicated that Buchanan & Landers is a domestic limited liability company with a principal place of business located in Mahoning County, Ohio. Appellee filed a reply.

{¶3} On October 10, 2023, Appellants, by and through Attorney Glase, filed a third party complaint against multiple third party defendants (not parties in this appeal) indicating that Appellants all have a mailing address at 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. The parties to the third party complaint issued answers and motions over the following several months.

**{¶4}** On January 19, 2024, Attorney Glase filed a notice to withdraw, which Appellants consented to. The magistrate approved the withdrawal on February 2, 2024. The magistrate ordered Appellants to appear for an in-person status hearing on February 23, 2024. The magistrate also ordered Attorney Glase to forward a copy of the order to Appellants at 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Service via United States mail was unsuccessful. Appellants failed to appear for the hearing and failed to respond to several motions and memos that were due for response.

**{¶5}** In a magistrate's order on February 27, 2024, adopted by the trial court on March 13, 2024, the court reiterated that it was Appellants' duty to update the court with any change in address and that publication in the Daily Legal News and the court's official website is deemed official notification to Appellants.

**{¶6}** On June 25, 2024, Appellee filed a motion for summary judgment, served on Appellants at 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. The certificate of service indicates that all parties or counsel were served via United States mail. Service on Kenya and Michael was unsuccessful. Summary judgment was granted in favor of Appellee via a magistrate's decision on August 7, 2024.

**{¶7}** On August 19, 2024, Appellants, by and through their new counsel, Attorney Adam V. Buente, filed a "Common Law and Rule 60(B) Motion to Vacate the Magistrate's Decision (Insufficiency of Service of Process)" and objections to the magistrate's decision. Attached to the Civ.R. 60(B) motion were affidavits of Kenya and Michael. They averred their former attorney, Attorney Glase, had not provided them with the February 2, 2024 magistrate's order and they had received no communication from the trial court since Attorney Glase withdrew. They further averred they happened to learn about the magistrate's order granting Appellee's motion for summary judgment on the same day the order was made. Appellants indicate they vacated 721 Boardman Poland Road, Suite 205, in September 2022 and that Appellee either knew, or should have known, because Appellee occupied the adjacent suite, Suite 206, at the same address. Appellants also indicate that Appellee (the business itself and not its counsel) had mailed documents to Appellants' new address, 80 S. Liberty St., Powell, Delaware County, Ohio 43065, during this litigation. Appellee filed a brief in opposition.

{¶8}   On October 2, 2024, the trial court denied Appellants' Civ.R. 60(B) motion to vacate and overruled their objections, thereby upholding summary judgment in favor of Appellee.

{¶9}   Appellants filed a timely appeal and raise two assignments of error.

## STANDARD OF REVIEW

In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO 0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Courts are not required to hold a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 40 (7th Dist.).

The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. . . .

*Paczewski v. Antero Resources Corp.*, 2019-Ohio-2641, ¶ 26-27 (7th Dist.).

{¶10}  An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶11}  In this case, Appellants' August 19, 2024 Civ.R. 60(B) motion was filed within one year of the August 7, 2024 magistrate's decision, thereby making it timely filed.

Case No. 24 MA 0100

(*GTE* third prong). Two issues here are whether Appellants have demonstrated a meritorious defense or claim (*GTE* first prong) and whether they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) (*GTE* second prong).

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1)-(5).

**{¶12}** Applying this Civ.R. 60(B) standard to the instant matter, regarding the *GTE* first prong, Appellants have not demonstrated "a meritorious defense or claim" that would justify granting their Civ.R. 60(B) motion. "Meritorious" is defined as, "worthy of legal victory; having enough legal value to prevail in a dispute." *Black's Law Dictionary* (12th Ed. 2024). Regarding the *GTE* second prong, Appellants are not entitled to relief under Civ.R. 60(B)(5) ("any other reason justifying relief"). This "catch-all" provision only applies when a more specific provision does not. *Tabor v. Tabor*, 2003-Ohio-1432, ¶ 30 (7th Dist.).

**{¶13}** As addressed in detail below, the trial court did not err in denying Appellants' Civ.R. 60(B) motion to vacate, overruling their objections, and upholding summary judgment in favor of Appellee because Appellee complied with the service provisions under both Civ.R. 4 and 5.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE RECORD DEMONSTRATES THAT APPELLEE FAILED TO PROPERLY SERVE APPELLANTS WITH THEIR POST-PLEADING MOTIONS IN ACCORDANCE WITH CIVIL RULE 5.**

**{¶14}** In their first assignment of error, Appellants argue the trial court erred in failing to grant their Civ.R. 60(B) motion for relief from judgment because Appellee failed to properly serve them with their post-pleading motions pursuant to Civ.R. 5.

**{¶15}** Civ.R. 5, "Service and filing of pleadings and other papers subsequent to the original complaint," states in part: "(B) Service: How Made. . . . (2) *Service in General.* A document is served under this rule by: . . . (c) mailing it to the person's last known address by United States mail, in which event service is complete upon mailing[.]" (Emphasis sic). Civ.R. 5(B)(2)(c).

**{¶16}** "Individuals have a continuing responsibility to notify the court of any changes in their mailing address." *N. Frozen Foods, Inc. v. Saadey*, 2024-Ohio-2264, ¶ 35 (8th Dist.), citing *Cashelmara Condominium Unit Owners Assn. v. Kish*, 2022-Ohio-3672, ¶ 28 (8th Dist.), citing *Halder v. Fuerst*, 2008-Ohio-1968.

**{¶17}** Appellants claim they have not occupied 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512 since September 2022. However, the trial court docket still lists Appellants' address as: 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. https://ecourts.mahoningcountyoh.gov (accessed March 20, 2025).

**{¶18}** As stated, Appellee filed a complaint against Appellants on July 17, 2023. The trial court issued a summons and a copy of the complaint to Appellants via certified mail at the following address: 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Service was successful on Kenya, Buchanan & Landers' agent, on August 7, 2023. On August 8, 2023, service on Buchanan & Landers was initially listed as questionable with the court ultimately listing service as successful with unknown signature. On August 11, 2023, service on Michael was initially listed as questionable with the court ultimately listing service as successful with unknown signature. After

receiving service, on September 25, 2023, Appellants, by and through their counsel, Attorney Glase, filed an answer and counterclaim stating that Buchanan & Landers is a domestic limited liability company with a principal place of business located in Mahoning County, Ohio.

**{¶19}** On October 10, 2023, Appellants, by and through Attorney Glase, filed a third party complaint against multiple third party defendants (not parties in this appeal) indicating that Appellants all have a mailing address at 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512.

**{¶20}** The record reveals seven months passed in between the withdrawal of Appellants' former attorney, Attorney Glase, and the hiring of their new counsel, Attorney Buente. During that time, Appellants were essentially pro se civil litigants. "Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel." *Grace v. Perkins Rest.*, 2025-Ohio-213, ¶ 11 (7th Dist.), citing *Wesbanco Bank Barnesville v. Balcar*, 2001-Ohio-3493 (7th Dist.). Thus, if Appellants' address had in fact changed, they had a duty to notify the trial court of any such update. *Id.*; *Saadey*, 2024-Ohio-2264, at ¶ 35 (8th Dist.). Appellants were clearly aware that a lawsuit was filed against them as they all received service of the complaint and hired counsel to file an answer and counterclaim.

**{¶21}** Appellants indicate they vacated 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512 in September 2022 and that Appellee either knew, or should have known, because Appellee occupied the adjacent suite, Suite 206, at the same address. Appellants' claim that Appellee knew, or should have known, that Appellants no longer occupied 721 Boardman Poland Road, Suite 205, is pure speculation. Speculation is defined as, "The practice or an instance of theorizing about matters over which there is no certain knowledge[.]" *Black's Law Dictionary* (12th ed. 2024).

**{¶22}** Appellants also indicate that Appellee (the business itself and not its counsel) had mailed documents to Appellants' new address, 80 S. Liberty St., Powell, Delaware County, Ohio 43065, during this litigation. Service at this location, however, was unsuccessful.

**{¶23}** Appellants' last known address was, and still is, 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Appellee points out that the Ohio Secretary

of State business search "maintains that Buchanan & Landers Insurance Group currently lists Kenya Buchanan as the company's agent and 721 Boardman-Poland Rd., Suite 205, Youngstown, Ohio 44512 as the registered agent's address." (2/28/2025 Appellee's Brief, p. 14). Thus, Appellee stresses since August 18, 2020, Suite 205 at 721 Boardman Poland Road was, and still remains, Appellants' statutory address with Kenya as the registered agent. If in fact Appellants' address has changed, they have yet to update it as required.

{¶24} Accordingly, the trial court did not abuse its discretion in denying Appellants' motion to vacate because the record establishes Appellee complied with Civ.R. 5 by mailing its motion for summary judgment via United States mail to Appellants' last known address: 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. This mailing perfected service under Civ.R. 5(B)(2)(c).

{¶25} Appellants' first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE RECORD DEMONSTRATES THAT APPELLEE FAILED TO PERFECT SERVICE UPON APPELLANTS IN ACCORDANCE WITH CIVIL RULE 4.**

{¶26} In their second assignment of error, Appellants contend the trial court erred in failing to grant their Civ.R. 60(B) motion for relief from judgment because Appellee failed to perfect service upon them pursuant to Civ.R. 4.

{¶27} Civ.R. 4.1, "Process: methods of service," states in part: "(A) Service by Clerk. (1) *Methods of Service.* (a) Service by United States certified or express mail. . . . (b) Service by Commercial Carrier Service. . . . (B) Personal Service. . . . [and] (C) Residence Service. . . ." (Emphasis sic). Civ.R. 4.1(A)(1)(a)-(b), (B), (C).

"In accordance with Civ.R. 4.1(A), 'service of process via certified mail is evidenced by a return receipt signed by any person.'" *Boggs* [*v. Denmead*, 2018-Ohio-2408] at ¶ 24 [(10th Dist.)], quoting *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 11. "When service of

process is attempted by certified mail, 'a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.'" *Id.* Where a plaintiff follows the civil rules governing service of process, and a signed receipt is returned, a rebuttable presumption of proper service arises. *See id.*, citing *Chuang Dev. L.L.C. v. Raina*, 10th Dist. No. 15AP-1062, 91 N.E.3d 230, 2017-Ohio-3000, ¶ 31.

*Kerby v. Zerick*, 2024-Ohio-5665, ¶ 13 (10th Dist.).

**{¶28}** "[C]ertified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." *Akron-Canton Reg'l Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 (1980).

**{¶29}** Appellants argue on appeal that they were not properly served with any filings in this case. However, the record reveals Appellants were aware that a lawsuit was filed against them as they all received service of the complaint via certified mail. Again, the record establishes that Appellee filed a complaint against Appellants on July 17, 2023. The trial court issued a summons and a copy of the complaint to Appellants at the following address: 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Service was successful on Kenya, Buchanan & Landers' agent, on August 7, 2023. On August 8, 2023, service on Buchanan & Landers was initially listed as questionable with the court ultimately listing service as successful with unknown signature. On August 11, 2023, service on Michael was initially listed as questionable with the court ultimately listing service as successful with unknown signature. After receiving service of the complaint, Appellants, by and through their counsel, filed an answer and counterclaim.

**{¶30}** Appellants claim that Appellee failed to properly serve them with post-pleading motions. Based on the facts presented and the record before us, however, successful notification of all court filings could be reasonably anticipated at 721 Boardman Poland Road, Suite 205, Youngstown, Ohio 44512. Appellee stresses since August 18, 2020, Suite 205 at 721 Boardman Poland Road was, and still remains, Appellants' statutory address with Kenya as the registered agent. Service on a listed agent is effective if the defendant has failed to update its agent or address for service of process

with the Ohio Secretary of State. *See, e.g., Previte v. Piunno*, 2010-Ohio-1747, ¶ 15-16 (8th Dist.).

**{¶31}** As stated, in a magistrate's order on February 27, 2024, adopted by the trial court on March 13, 2024, the court reiterated that it was Appellants' duty to update the court with any change in address and that publication in the Daily Legal News and the court's official website is deemed official notification to Appellants. Mahoning County Civil Local Rules of Court, "Rule One – Official Notice," states in part:

> (A) Publication in the "Daily Legal News" and the Court's official website, which can be accessed at: http://courts.mahoningcountyoh.gov, shall be deemed official notification to all counsel and any unrepresented party of any assignment on any case and it shall be the duty of such counsel or unrepresented party to ascertain from the "Daily Legal News" or website any official notification contained therein pertaining to any case with which they are concerned.

Mahoning County Civil Loc.R. 1(A).

**{¶32}** If Appellants' address had in fact changed, they failed in their duty to notify the trial court of any such update. *Saadey*, 2024-Ohio-2264, at ¶ 35 (8th Dist.), citing *Kish*, 2022-Ohio-3672, at ¶ 28 (8th Dist.), citing *Fuerst*, 2008-Ohio-1968 ("Individuals have a continuing responsibility to notify the court of any changes in their mailing address.").

**{¶33}** Accordingly, the trial court did not abuse its discretion in denying Appellants' motion to vacate because the record reveals Appellee perfected service upon Appellants via certified mail in accordance with Civ.R. 4.1(A)(1)(a).

**{¶34}** Appellants' second assignment of error is without merit.

## CONCLUSION

**{¶35}** For the foregoing reasons, Appellants' assignments of error are not well-taken. The October 2, 2024 judgment of the Mahoning County Court of Common Pleas denying Appellants' Civ.R. 60(B) motion to vacate, overruling their objections, and upholding summary judgment in favor of Appellee, is affirmed.

Case No. 24 MA 0100

Robb, P.J., concurs.

Hanni, J., concurs.

[Cite as *Landers Lewis Ins. Agency & Consulting Serv., L.L.C. v. Buchanan & Landers Ins. Group, L.L.C.*, 2025-Ohio-1791.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**