[Cite as *State v. Fleischer*, 2023-Ohio-3597.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DANIEL FLEISCHER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MA 0061

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 392

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Martin Yavorcik*, 940 Windham Court, #7, Boardman, Ohio 44512, for Defendant-Appellant.

Dated: September 29, 2023

**WAITE, J.**

{¶1}   Appellant Daniel Fleischer pleaded guilty in federal court to sexual exploitation of children and receipt and distribution of visual depictions of minors engaged in sexually explicit conduct.  While he was a federal inmate, he was brought to Mahoning County to stand trial for rape and gross sexual imposition.  Appellant then alleged that the Mahoning County prosecution violated his constitutional right against double jeopardy.  The dual sovereignty doctrine allows for separate prosecution of crimes in federal and state court based on the same set of underlying facts.  *State v. Fletcher*, 26 Ohio St.2d 221, 271 N.E.2d 567 (1971).  Appellant is aware of this doctrine, but argues for the first time on appeal that the doctrine should be overruled.  Appellant cannot raise this constitutional argument for the first time on appeal.  In addition, we cannot simply disregard current Ohio Supreme Court law.  Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

### Case History and Facts

{¶2}   On July 1, 2021, Appellant Daniel Fleischer was indicted in the Mahoning County Court of Common Pleas on two counts of rape in violation of R.C. 2907.01(A)(1), a felony one (with the victim alleged to be under ten years old), and five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felony three.  A conviction on the rape charges held the possibility of life in prison without parole.  The crimes were alleged to have occurred between September 6, 2010 and September 5, 2014.  When the indictment was issued, Appellant was a federal inmate.  He was being held at FCI Petersburg in Hopewell, Virginia.  On August 30, 2021, the trial court issued a writ of habeas corpus ad prosequendum to bring Appellant to Mahoning County for prosecution.

{¶3} On March 31, 2022, Appellant filed a pretrial motion to dismiss based on double jeopardy. Appellant alleged that he had been prosecuted in federal court for the same conduct alleged in the Mahoning County indictment. Appellee responded that Appellant was convicted in the United States District Court for the Northern District of Ohio on one count of sexual exploitation of children, 18 U.S.C. 2251(a), and receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, 18 U.S.C. 2252(a)(2). Appellee argued that as the "dual sovereign" doctrine permits prosecution by both the State of Ohio and the federal court system based on the same set of underlying facts, Appellant's motion should be denied.

{¶4} The trial court held a hearing on the motion on June 1, 2022. No evidence was submitted at this hearing. The court overruled the motion to dismiss without comment on June 3, 2022. This appeal followed on June 10, 2022. Appellant raises one assignment of error on appeal.

ASSIGNMENT OF ERROR

THE COURT SHOULD OVERRULE THE "SEPARATE SOVEREIGNS" EXCEPTION TO THE DOUBLE JEOPARDY CLAUSE.

{¶5} Appellant argues that he has already been prosecuted in federal court for the conduct forming the basis of the charges in Mahoning County. He contends the state somehow delayed his prosecution so that the federal conviction could become final, and contends this delay also amounts to a violation of double jeopardy. Although Appellant is aware that, under current law, federal and state courts can litigate criminal charges based on the same underlying conduct without violating double jeopardy, he argues this

law is not fair and should be overruled.  Appellant concludes that the trial court should have sustained his motion to dismiss on the grounds of double jeopardy.

{¶6}    The denial of an interlocutory motion to dismiss on double jeopardy grounds is a final, appealable order.  *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23.

{¶7}    "Appellate courts apply a de novo standard of review when reviewing the denial of a motion to dismiss an indictment on the grounds of double jeopardy."  *State v. Anderson*, 148 Ohio St.3d 74, 2016-Ohio-5791, 68 N.E.3d 790, ¶ 20.

{¶8}    The Fifth Amendment to the United States Constitution states:  "No person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb."  Similarly, Ohio's Constitution at Section 10 of Article I states:  "No person shall be twice put in jeopardy for the same offense."  The double jeopardy clause was made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).  Section 10, Article I of the Ohio Constitution provides for the same protection pursuant to Ohio law, and the two double jeopardy clauses have been held to be coextensive.  *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 14.

{¶9}    The Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense.  *State v. Loza*, 71 Ohio St.3d 61, 71, 641 N.E.2d 1082 (1994), citing *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).  "The Double Jeopardy Clause protects against three abuses:  (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' "  *State v.*

*Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds; *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

**{¶10}** Appellant contends it is the second of these three abuses that has occurred in this case.  Appellant argues he was prosecuted in federal court for the same offenses that were brought in the Mahoning County indictment.  No evidence was presented as part of his motion to dismiss in order to establish what took place in the federal proceedings, however.

**{¶11}** Appellant is aware of the doctrine of dual sovereignty, allowing for separate prosecution in state and federal courts based on the same underlying set of facts:

> Our double jeopardy case law is complex, but at its core, the Clause means that those acquitted or convicted of a particular "offence" cannot be tried a second time for the same "offence." But what does the Clause mean by an "offence"?

> We have long held that a crime under one sovereign's laws is not "the same offence" as a crime under the laws of another sovereign. Under this "dual-sovereignty" doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute.

*Gamble v. United States*, -- U.S. --, 139 S.Ct. 1960, 1964, 204 L.Ed.2d 322 (2019).

{¶12} This rule is also called the two-sovereignty rule. *Bartkus v. People of State of Ill.*, 359 U.S. 121, 134, 3 L.Ed.2d 684, 79 S.Ct. 676 (1959). Ohio has accepted the ongoing validity of the dual sovereignty doctrine:

"Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both."

"That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable."

*State v. Fletcher*, 26 Ohio St.2d 221, 223–24, 271 N.E.2d 567 (1971), quoting *Moore v. People of State of Illinois*, 55 U.S. 13, 20, 14 L.Ed. 306 (1852).

{¶13} We also recognize that in Ohio the dual sovereignty doctrine continues to be valid law. *State v. Nickelson*, 7th Dist. No. 19 BE 0039, 2020-Ohio-1149, 152 N.E.3d 1288, ¶ 24; *State v. Riddle*, Mahoning Nos. 99 CA 147, 99 CA 178, 99 CA 204, 2001 WL 1647211 (Dec. 18, 2001).

{¶14} Despite his knowledge of the law in this regard, Appellant contends that it was a double jeopardy violation to prosecute him in Mahoning County for conduct that formed the basis of his guilty plea and sentence in the United States District Court for the Northern District of Ohio. Appellant urges that the dual sovereignty doctrine should be overruled. If it is overruled, he contends that the alleged criminal conduct in his state

Case No. 22 MA 0061

case was an element of his federal prosecution and therefore, he cannot be prosecuted for this conduct a second time. Appellant does not elaborate on the specifics of how the state and federal cases overlap to support his theory that double jeopardy has occurred.

{¶15} One of the federal charges, receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, 18 U.S.C. 2252(a)(2), provides:

(a) Any person who--

* * *

(2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if--

(A) the producing of such visual depiction *involves the use of a minor engaging in sexually explicit conduct*; and

(B) such visual depiction is of such conduct;

* * *

Case No. 22 MA 0061

shall be punished as provided in subsection (b) of this section. (Emphasis added.)

**{¶16}** Appellant's federal charge, sexual exploitation of children, 18 U.S.C. 2251(a), provides:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent *that such minor engage in, any sexually explicit conduct* for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. (Emphasis added.)

Case No. 22 MA 0061

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the U.S. Supreme Court established that, in a double jeopardy analysis, there are two offenses if each of the two statutory provisions requires proof of an additional fact that the other does not. If so, there is no double jeopardy violation. The language of the federal statutes prohibiting an intent to have a minor engage in sexually explicit conduct appears to refer to the overlapping conduct Appellant believes amounts to double jeopardy and prevents him from being prosecuted in Mahoning County. However, rape and gross sexual imposition, under Ohio law, depend on much more than proof of "sexually explicit conduct," and therefore, there does not appear to be any obvious double jeopardy concern between the federal and state prosecutions, here. Nevertheless, both parties in this appeal have presumed that the federal and state prosecutions do appear to overlap for double jeopardy purposes, and rely on principles outside of *Blockburger* to make their arguments.

{¶17} Appellee points out two main reasons why Appellant's argument in this matter fails. First, Appellant never argued at the trial court level that the dual sovereignty doctrine should be overruled. Constitutional questions must be raised at the first available opportunity or else they are waived on appeal. *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), at syllabus. "It is axiomatic that a plaintiff cannot change the theory of his case and present new arguments for the first time on appeal." *Snyder v. Lawrence*, 7th Dist. Carroll No. 19 CA 0938, 2020-Ohio-3358, ¶ 27.

{¶18} The state first raised the dual sovereignty doctrine in its April 29, 2022 response to Appellant's motion to dismiss. At the hearing on Appellant's motion to

dismiss, the trial court made it clear that dual sovereignty applied and was determinative of Appellant's motion to dismiss:

> **THE COURT**: But the thing that it sounds like you are ignoring is the Dual-Sovereignty Doctrine that's been adopted by the Seventh District Court of Appeals. Do you have a response to that?
>
> **[APPELLANT'S COUNSEL]**: I do, Your Honor.
>
> Referenced in my motion -- so if you look at -- even the Supreme Court of Ohio, okay, in *Thomas*, *State v Thomas*, the general rule is that double jeopardy bars multiple prosecutions arising out of the same conduct except where the state is unable to proceed at the outset because the admitted facts necessary to sustain the charges have not occurred.
>
> **THE COURT**: Well, is that the case here? I mean --
>
> **[APPELLANT'S COUNSEL]**: Yeah, they could have gone forward. I am not necessarily saying that they don't have a right to necessarily make the argument, but what I'm saying is they intentionally did not prosecute him for no good reason, okay?
>
> **THE COURT**: What difference does that make? I mean --
>
> **[APPELLANT'S COUNSEL]**: Well, based on *Thomas*, Your Honor, if there's no new facts that they are relying on and while they're waiting --

**THE COURT:** Yeah, but doesn't that happen all the time? Isn't there an understanding between the state law enforcement agencies and the federal law enforcement agencies, certain cases are taken over either by the state or by the federal government, but that doesn't preclude the state or the federal government from proceeding on the same charge based out of the same facts because of the Dual-Sovereignty Doctrine?

**[APPELLANT'S COUNSEL]:** Yeah. And I think what it comes down to is an issue of fairness, Your Honor.

(6/1/22 Tr., pp. 5-7.)

**{¶19}** The *Thomas* case referred to at the motion hearing is *State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897, 902 (1980), overruled by *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990). Although part of *Thomas* was overruled by *Crago*, this portion has been restored to good law because *Crago* has since been overruled by *Anderson*, *supra*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23. Unfortunately for Appellant, *Thomas* does not assist his argument. The main issue in *Thomas* was whether "a conviction for robbery prior to the death of the robbery victim bars a subsequent prosecution of the defendant for involuntary manslaughter. We conclude that it does not." *Thomas* at 258. *Thomas* involved two charges filed only in state court, not a state charge following a federal conviction. *Thomas* does not mention or implicate the dual sovereignty doctrine.

**{¶20}** At the hearing on Appellant's motion to dismiss, counsel conceded the validity of the dual sovereignty doctrine, merely concluding it did not seem "fair." Appellant

never raised the possibility the dual sovereignty doctrine should be overruled, and it was not an issue that was litigated in any manner. For that reason, Appellant has waived the issue on appeal.

**{¶21}** The second reason Appellee advanced that Appellant's argument must fail is because the dual sovereignty doctrine continues to be good law according to the Ohio Supreme Court. A court of appeals may not simply overlook that law. "It is axiomatic that: 'Decisions of a court of last resort are to be regarded as law and should be followed by inferior courts, whatever the view of the latter may be as to their correctness, until they have been reversed or overruled * * *.'" *Krause v. State*, 31 Ohio St.2d 132, 148, 285 N.E.2d 736 (1972) (Schneider, J., concurring).

**{¶22}** The record reflects there is no basis on which to dismiss Appellant's rape and gross sexual imposition charges in this case. Double jeopardy concerns are not implicated, here. The trial court correctly overruled Appellant's motion to dismiss, and Appellant's assignment of error is overruled.

## Conclusion

**{¶23}** Appellant pleaded guilty to two charges in federal court, and while in federal custody was transported to Ohio to undergo prosecution for rape and gross sexual imposition. Appellant argued that he could not be prosecuted for those crimes in Ohio based on double jeopardy protections, because he had already been prosecuted for the underlying conduct in federal court. Assuming arguendo that the same criminal conduct formed the basis for both set of charges, the doctrine of dual sovereignty allows for prosecution in both jurisdictions. Appellant's claim that the doctrine of dual sovereignty should be overruled on constitutional grounds was not raised in the trial court and cannot

be asserted for the first time on appeal. The Ohio Supreme Court continues to uphold and rely on the doctrine of dual sovereignty, and we cannot reverse the holding of a superior court. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Robb, J. concurs.

D'Apolito, P.J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**