[Cite as *Grace v. Perkins Restaurant*, 2025-Ohio-213.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

MYRON GRACE, ET AL.,

Plaintiffs-Appellant,

v.

PERKINS RESTAURANT ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0079**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CV 389

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

Myron Grace, *Pro se*, Plaintiff-Appellant and

*Atty. Timothy D. Berkebile*, McNees Wallace & Nurick LLC, for Defendants-Appellees.

Dated:  January 24, 2025

**HANNI, J.**

{¶1}   Plaintiff-Appellant, Myron Grace, appeals from a Mahoning County Common Pleas Court judgment dismissing his complaint against Defendants-Appellees, Perkins Restaurant et al., for failure to state a claim upon which relief could be granted. Because Grace's complaint did not set forth facts that, if believed, would entitle him to recovery and because the trial court did not abuse its discretion in granting Perkins leave to file a responsive pleading, the trial court's judgment is affirmed.

{¶2}   Appellant Myron Grace and Plaintiff Rakhshanda Talib are husband and wife. On February 23, 2024, Grace and Talib (collectively "Plaintiffs") filed a pro se complaint against the Perkins Restaurant located in Austintown, Ohio (Austintown Perkins) and "General Counsel" at the Perkins Corporate Office located in Tennessee. The complaint alleged that on April 26, 2023, Plaintiffs entered the Austintown Perkins and waited 13 minutes to be seated before going into the kitchen and finding a waitress. Plaintiffs then waited another six minutes before the waitress seated them. Plaintiffs alleged that despite requesting to sit by the window, the waitress seated them away from the window and the other two customers seated in that area. Plaintiffs claimed that when they questioned the waitress about this, she "began acting quiet and turning red." Plaintiffs left the restaurant "because clearly that demonstrated some type of racial issues towards them." Plaintiffs asserted this violated the Ohio Consumer Sales Protection Act (CSPA) as being an unfair or deceptive act or practice in connection with a consumer transaction. They requested damages of $3 million.

{¶3}   On April 23, 2024, Plaintiffs filed a motion for summary judgment asserting the defendants had failed to answer the complaint and, therefore, they were entitled to summary judgment.

{¶4}   On June 4, 2024, Phoenix Management Services (Phoenix) and the Austintown Perkins (collectively "Perkins") filed a motion for extension of time to oppose summary judgment. Perkins asserted that while Plaintiffs named "General Counsel" at the Perkins Corporate Office, the Austintown Perkins is not affiliated with that office. Instead, the Austintown Perkins is owned and operated by Phoenix, which was not named in the complaint. Perkins stated that Phoenix was never served with the complaint and

just recently learned of the summary judgment motion. Perkins said that it only just learned of the complaint when Grace hand-delivered a copy of it to the Austintown Perkins' manager in mid-May 2024.

**{¶5}** The same day Perkins filed a motion to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim, Civ.R. 12(B)(2) for lack of personal jurisdiction, and Civ.R. 12(B)(5) for insufficient service of process.

**{¶6}** The trial court granted Perkins' motion to dismiss pursuant to Civ.R. 12(B)(6) on August 22, 2024, finding Plaintiffs failed to state a claim upon which relief could be granted. The court determined that the legal conclusions, couched as facts, failed to assert a violation of R.C. 1345.02 and Plaintiffs could not prove any set of facts entitling them to relief.

**{¶7}** Grace, still acting pro se, filed a timely notice of appeal on August 29, 2024.

**{¶8}** Before addressing the merits of this appeal, we address a preliminary issue. In the trial court, both Grace and Talib signed the pro se complaint and pro se motion for summary judgment in their individual capacities. However, the notice of appeal and appellate brief are signed only by Grace, still proceeding pro se.

**{¶9}** "A person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, child, or solely owned corporation." *In re D.L.*, 2010-Ohio-1888, ¶ 14 (6th Dist.), citing *State v. Block*, 2007-Ohio-1979, ¶ 4 (8th Dist.). Grace, acting pro se, cannot represent his wife Talib on appeal. Thus, this appeal applies only to Grace's claims and he is the only appellant here.

**{¶10}** Additionally, Grace has failed to include numerous items in his appellate brief that are required by App.R. 16: a table of cases, statutes, and authorities (App.R 16(A)(2)); a statement of the issues presented for review, with references to the assignments of error to which each issue relates (App.R. 16(A)(4)); an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies (App.R. 16(A)(7)); and a conclusion briefly stating the precise relief sought (App.R. 16(A)(8)).

**{¶11}** Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain

counsel. *Wesbanco Bank Barnesville v. Balcar*, 2001-Ohio-3493 (7th Dist.).

{¶12} Despite Grace's non-compliance with the Appellate Rules, in the interest of justice, we will review the trial court's ruling dismissing the complaint for failure to state a claim upon which relief can be granted.

{¶13} Grace raises three assignments of error. His first assignment of error states:

ON 08/22/24 JUDGE JOHN M. DURKIN OF THE MAHONING COUNTY COURT OF COMMON PLEAS DISMISSED THE CASE MYRON GRACE ET. AL [sic] V. PERKINS RESTAURANTS ET. AL [sic] AS UNOPPOSED. THIS DISMISSAL WAS IN FACT AN ERROR AS JUDGE JOHN M. DURKIN STATED THERE WAS [sic] NO FACTS ON WHICH RELIEF COULD BE GRANTED. CLEARLY THE PLAINTIFF'S [sic] EXPERIENCED RACISM AND A VIOLATION OF THE OHIO CONSUMER PROTECTION ACT.

{¶14} As with each of his assignments of error, Grace does not put forth an argument or case law in support. The assignment of error asserts that Plaintiffs put forth a valid claim, which the trial court should not have dismissed.

{¶15} Perkins contends the trial court properly found that Plaintiffs can prove no set of facts that would entitle them to relief under the CSPA. It points out that Plaintiffs alleged no facts showing that it committed a deceptive act or practice. And it argues that even construing as true all of the alleged facts in the complaint, Plaintiffs did not claim that any white patrons entered the restaurant and were seated more quickly than Plaintiffs, that the waitress made any mention of their race, that they were not offered a table due to their race, or that the waitress had any other help who could have seated them. Perkins notes that Plaintiffs failed to raise any facts that demonstrate that the waitress's actions were motivated by their race.

{¶16} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In order for a trial court to dismiss the action, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v.*

*Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. When making a determination on a Civ.R. 12 (B)(6) motion, a court must accept the facts as alleged within the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). If there are facts contained in the complaint that would permit recovery under the claims, the trial court cannot grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). A reviewing court applies a de novo standard of review to the trial court's determination under Civ.R. 12(B)(6). *Ford v. Baska*, 2017-Ohio-4424, ¶ 6 (7th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

**{¶17}** Grace asserted a violation of the CSPA. Specifically, he claimed Perkins violated R.C. 1345.02(A)(B), which provides:

(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

(B) Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive:

(1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;

(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;

(3) That the subject of a consumer transaction is new, or unused, if it is not;

(4) That the subject of a consumer transaction is available to the consumer for a reason that does not exist;

(5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act

of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section;

(6) That the subject of a consumer transaction will be supplied in greater quantity than the supplier intends;

(7) That replacement or repair is needed, if it is not;

(8) That a specific price advantage exists, if it does not;

(9) That the supplier has a sponsorship, approval, or affiliation that the supplier does not have;

(10) That a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false.

**{¶18}** In analyzing this assignment of error, we must determine whether Grace set forth facts in his complaint which, if believed as true, would permit recovery. He asserted the following alleged facts.

**{¶19}** Plaintiffs entered the Austintown Perkins at 8:00 p.m. They waited 13 minutes to be seated before going into the kitchen and finding a waitress. Plaintiffs then waited six more minutes before the waitress seated them. Despite requesting to sit by the window, the waitress seated them away from the window and away from the other two customers seated in that area. When they questioned the waitress about this, the waitress "began acting quiet and turning red." Plaintiffs left the restaurant "because clearly that demonstrated some type of racial issues towards them."

**{¶20}** Plaintiffs asserted this violated the CSPA as being an unfair or deceptive act or practice in connection with a consumer transaction.

**{¶21}** As to what constitutes a "deceptive" or "unfair" act or practice:

Generally, an act or practice is deceptive if it " 'has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts.' " *Lee* [*v. C.D.E. Home Inspection Co., Inc.*,] supra, 2002-Ohio-4316, 2002 WL 1938248, at ¶ 30, quoting *Funk v. Montgomery AMC/Jeep Renault*

(1990), 66 Ohio App.3d 815, 823, 586 N.E.2d 1113. An act or practice is unfair if it is marked by injustice, partiality, or deception, or it results in inequitable business dealings. *Saraf v. Maronda Homes, Inc.*, Franklin App. No. 02AP-461, 2002-Ohio-6741, 2002 WL 31750249, at ¶ 58.

*Walker v. Dominion Homes, Inc.*, 2005-Ohio-6055, ¶ 25 (10th Dist.).

**{¶22}** Even believing as true each of the factual allegations set forth in the complaint, Grace can prove no set of facts entitling him to recovery. Nothing in the complaint suggests that Perkins or the waitress acted in a deceptive manner. Nor do the facts support a claim that Perkins acted in an unfair manner. The complaint did not allege that other patrons of another race were seated ahead of Plaintiffs. It did not allege that other employees were working to assist the waitress. It did not allege that the waitress made any mention of the Plaintiffs' race or that they were not seated because of their race. And there is no indication whatsoever as to why the waitress seated the Plaintiffs at a table away from the window. There are no factual assertions to support Plaintiffs' complaint. Thus, the trial court properly granted the Civ.R. 12(B)(6) motion to dismiss the complaint.

**{¶23}** Accordingly, Grace's first assignment of error is without merit and is overruled.

**{¶24}** Grace's second assignment of error states:

PERKINS RESTAURANTS VIOLATED THE 28-DAY RESPONSE RULE IN THE STATE OF OHIO, AND MAHONING [COUNTY] COURT OF COMMON PLEAS ALLOWED PERKINS RESTAURANTS MORE THAN FOUR MONTHS NOT TO RESPOND TO THE PLAINTIFF'S [sic] COMPLAINT AGAINST THEM. IN FACT IN MY OPINION JUDGE JOHN M. DURKIN IS ACTING RACIST TOWARD THE PLAINTIFF'S [sic], WHICH MAY [BE] A PREDISPOSED RACIST ATTITUDE TOWARD ALL AFRICAN AMERICANS.

**{¶25}** This assignment of error seems to claim that the trial court erred in granting Perkins leave to file a responsive pleading because it did not respond to the complaint within the 28-day time limit.

Case No. 24 MA 0079

**{¶26}** An appellate court reviews a trial court's grant of an extension of time to plead under an abuse of discretion standard. *Watkins v. Williams*, 2004-Ohio-7171, ¶ 16 (9th Dist.), citing *Davis v. Immediate Med. Serv., Inc.*, 80 Ohio St.3d 10, 14 (1997). Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶27}** Generally, a defendant shall serve his answer within 28 days after service of the summons and complaint. Civ.R. 12(A). But it is within the court's discretion to grant a defendant's motion to file his answer after the 28-days "where the failure to act was the result of excusable neglect[.]" Civ.R. 6(B).

**{¶28}** Perkins stated in its motion for leave to file a responsive pleading that it was unaware of the complaint until Grace hand-delivered a copy of it to the Austintown Perkins' general manager in mid-May 2024.

**{¶29}** Civ.R. 4.1 sets forth the accepted methods of service. Service may be by: (1) service by United States certified or express mail or (2) service by commercial carrier service. Civ.R. 4.1(A)(1)(a)(b). A party may also file a written request for personal or residence service. Civ.R. 4.1(B)(C).

**{¶30}** Grace did not comply with these methods of service and, consequently, Perkins did not become aware of the complaint until mid-May 2024, when Grace hand-delivered a copy of the complaint to the Austintown Perkins' general manager. Given these facts, the trial court did not abuse its discretion in granting Perkins leave to file a responsive pleading.

**{¶31}** Accordingly, Grace's second assignment of error is without merit and is overruled.

**{¶32}** Grace's third assignment of error states:

IN FACT THAT [sic] THE FACTS IN WHICH JUDGE JOHN M. DURKIN HAS DISMISSED THE CASE HAS NO LOGICAL OR DEDUCTIVE REASONING [sic]. BUT, IN FACT IN MY OPINION SHOWS JUDGE JO[H]N M. DURKIN'S CONTINUOUS SUPPORT OF RACIST ACTS AGAINST AFRICAN AMERICANS IN MAHONING COUNTY OHIO. IN MY OPINION JUDGE JOHN M. DURKIN SHOULD BE DISBARRED.

Case No. 24 MA 0079

**{¶33}** Grace's final assignment of error contends the trial court judge should not have presided over this case alleging the judge is racist.

**{¶34}** The Ohio Constitution vests the sole authority for determining the disqualification of a judge of a court of common pleas in the Chief Justice of the Supreme Court of Ohio. Ohio Const., art. IV, § 5(C); *State v. Hughbanks*, 2003-Ohio-187, ¶ 7-8 (1st Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440 (1978). If a party believes that a judge of a court of common pleas should be disqualified from considering a matter, the party must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio pursuant to R.C. 2701.03. A court of appeals is without authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist. 1993), citing *Beer*, 54 Ohio St.2d at 441-442; *Hughbanks*, 2003-Ohio-187, at ¶ 8 (1st Dist.).

**{¶35}** Thus, we have no power to consider whether the trial court judge should have been disqualified.

**{¶36}** Accordingly, Grace's third assignment of error is without merit and is overruled.

**{¶37}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**