[Cite as *Talib v. Perkins Restaurant*, 2026-Ohio-445.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

RAKHSANDA TALIB, et al.,

Plaintiffs-Appellant,

v.

PERKINS RESTAURANT et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0079**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2025 CV 00580

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Rakhshanda Talib,* Pro Se and

*Atty. Timothy D. Berkebile*, McNees Wallace & Nurick LLC, for Defendants-Appellees.

Dated:  February 11, 2026

**Robb, J.**

{¶1} Appellant, Rakhshanda Talib, appeals the trial court's July 24, 2025 judgment granting the motion to dismiss filed by Appellees, Perkins Restaurant, JDK Management Co., and Phoenix Management Services. For the following reasons, we affirm.

Statement of the Case

{¶2} Rakhshanda Talib and Myron Grace filed their complaint in March of 2025 against Perkins Restaurant, JDK Management Co., Phoenix Management Services, and "known counsel." Talib and Grace allege they were customers at a Perkins Restaurant in Austintown, Ohio in April of 2023. They claim they were not timely waited on and when they were waited on, they asked to be seated next to the window near the "white customers." The waitress sat them elsewhere. Talib and Grace allege the waitress became quiet and "turned red." They left the restaurant because they felt their seating placement was racial discrimination. Thereafter, Talib and Grace called Perkins to complain, but their concerns were not addressed.

{¶3} As a result of the foregoing, Talib and Grace claim to have suffered damages. Their complaint alleges Perkins Restaurant violated R.C. 1345.02 and committed unfair or deceptive acts or practices by its refusal to serve them. Talib and Grace claim Appellees created a hostile environment and treated them in a discriminatory manner. They sought damages for the alleged statutory violations. They also sought damages for a "threat of force and intimidation." They allege intentional infliction of emotional harm and racism. Grace also alleged damages for loss of consortium. (March 10, 2025 Complaint.)

{¶4} Talib and Grace attached a copy of an opinion issued by this court in *Grace v. Perkins Restaurant*, 2025-Ohio-213, ¶ 22 (7th Dist.) to their complaint. Our opinion was issued January 24, 2025. They also attached a copy of a transcript detailing alleged telephone calls between Grace, Talib, and Perkins Restaurant employees. (March 10, 2025 Complaint.)

{¶5} Appellees moved to dismiss the complaint under Civ.R. 12(B)(6). Appellees alleged Talib and Grace failed to sufficiently plead the essential elements of an Ohio

Case No. 25 MA 0079

Consumer Sales Practice Act (CSPA) claim and the allegations do not assert a deceptive act or practice under the Act.  Appellees argued the allegations, even if true, do not rise to the level of an unfair act or practice.  Additionally, Appellees asserted Talib and Grace failed to assert a loss of consortium claim because a derivative claim depends on stating a cognizable underlying claim.  (April 7, 2025 Motion to Dismiss.)

{¶6}  Further, Appellees argued the claims in this case were nearly identical to those asserted in the prior lawsuit.  In the prior action, the trial court granted the defendants' motion to dismiss and found plaintiffs failed to set forth a viable cause of action that would entitle them to relief.  (April 7, 2025 Motion to Dismiss.)

{¶7}  Appellees attached this court's decision issued after an appeal was taken by Grace.  This is the same opinion attached to Talib and Grace's complaint, in which we affirmed the trial court's grant of dismissal in their prior civil case.  This court noted:

> Even believing as true each of the factual allegations set forth in the complaint, Grace can prove no set of facts entitling him to recovery.  Nothing in the complaint suggests that Perkins or the waitress acted in a deceptive manner.  Nor do the facts support a claim that Perkins acted in an unfair manner.  The complaint did not allege that other patrons of another race were seated ahead of Plaintiffs.  It did not allege that other employees were working to assist the waitress.  It did not allege that the waitress made any mention of the Plaintiffs' race or that they were not seated because of their race. And there is no indication whatsoever as to why the waitress seated the Plaintiffs at a table away from the window. There are no factual assertions to support Plaintiffs' complaint.  Thus, the trial court properly granted the Civ.R. 12(B)(6) motion to dismiss the complaint.

*Grace v. Perkins Restaurant* at ¶ 22.

{¶8}  Talib and Grace did not file an opposition to Appellees' motion to dismiss with the trial court in this case.  The court granted the motion to dismiss and concluded res judicata applied, regardless of the roles of the parties or the manner in which they were identified or listed in the prior action.  The court found the plaintiffs and the claims were essentially the same as those in the prior civil case.  The trial court also noted Talib

failed to appeal from the trial court's judgment dismissing the parties' prior civil action. (July 24, 2025 Judgment.)

{¶9} Talib appealed the trial court's July 24, 2025 judgment pro se. Grace has not appealed.

<u>Assignments of Error</u>

{¶10} Talib raises several arguments on appeal, which we construed as the following four assignments of error:

1. Talib alleges the trial court judge is racist and erred by finding there were no allegations in her complaint on which relief could be granted.
2. Talib alleges Appellees "violated the 28-day response rule."
3. Talib claims the court of appeals has an obligation to "expand the law to protect [her] against racial discrimination."
4. Talib references several claims, causes of action, and statutes in her appellate brief not referenced in the underlying complaint or proceedings.

{¶11} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).

{¶12} To dismiss a complaint for the failure to state a claim upon which relief can be granted, it must appear beyond a doubt the plaintiffs can prove no facts that would entitle them to the requested relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). If there is a set of facts consistent with the allegations in plaintiff's complaint that would allow the plaintiff to recover, a court may not grant a motion to dismiss. *Ransom v. Erie Ins. Co.*, 2022-Ohio-3528, ¶ 13 (7th Dist.), citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 5.

{¶13} Appellate courts review orders granting Civ.R. 12(B)(6) motions to dismiss de novo and without deference to the trial court's decision. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. When reviewing whether a motion to dismiss should have been granted, we accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiffs. *Id.* Upon considering a Civ.R. 12(B)(6) motion to

dismiss, courts may also consider written documents attached to the complaint. *Scardina v. Ghannam,* 2005-Ohio-3315, ¶ 13 (7th Dist.).

**{¶14}** As for Talib's allegation that the trial court judge is racist and the court erred by finding there were no allegations in her complaint on which relief could be granted, we disagree with both assertions.

**{¶15}** First, this court has no power to consider whether the trial court judge should have been disqualified. That power lies solely with the Chief Justice of the Supreme Court of Ohio. Ohio Const., art. IV, § 5(C); *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). If a party believes a court of common pleas judge should be disqualified from considering a matter, the party must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio pursuant to R.C. 2701.03.

**{¶16}** A court of appeals lacks authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist. 1993), citing *Beer*, 54 Ohio St.2d at 441-442; *State v. Hughbanks*, 2003-Ohio-187, at ¶ 8 (1st Dist.). Thus, to the extent Talib alleges the trial court judge is racist, we do not have the authority to address this contention, and as such, it does not demonstrate error on appeal.

**{¶17}** Second, upon accepting all factual allegations in the complaint as true and making all reasonable inferences in favor of Talib, we agree that res judicata applies and bars the claims in her complaint. Thus, dismissal was warranted.

**{¶18}** Talib alleges in her complaint that Appellees violated the CSPA and intentionally caused her emotional distress. Her complaint also raises a loss of consortium claim on behalf of Grace, a nonparty to this appeal. Each claim raised in the March 10, 2025 complaint arises from and is based on the incident experienced by Talib and Grace at a Perkins Restaurant in April of 2023 and the phone calls regarding that incident.

**{¶19}** Each of the claims made in Talib and Grace's prior complaint filed in February of 2024, in case number 24 CV 389, also arise from the incident at a Perkins Restaurant in April of 2023. Like the complaint in this case, the 2024 complaint named Perkins Restaurant as a defendant. The instant case additionally names JDK Management Co. and Phoenix Management Services as defendants, but does not

identify the relationship or connection between these entities and Perkins. The prior suit also named general counsel for Perkins Restaurant as a defendant. The claims made in the prior complaint were dismissed by the trial court, and we affirmed the judgment of dismissal.

**{¶20}** As detailed under the statement of the case, Appellees argued, and the trial court agreed, that the claims made in this case are nearly identical to those asserted in Talib and Grace's prior lawsuit. Talib attached a copy of our opinion issued in *Grace v. Perkins Restaurant*, 2025-Ohio-213, ¶ 22 (7th Dist.) to her 2025 complaint. Our opinion was decided on January 24, 2025. It reflects that the trial court granted Perkins' motion to dismiss filed in the prior lawsuit, and we affirmed that decision. *Id.* Although Talib was not a party to that prior appeal, she was a plaintiff in the underlying proceedings.

**{¶21}** In this case, Talib did not oppose the motion to dismiss, and the trial court granted it, finding the claims herein are barred by res judicata. (July 24, 2025 Judgment.)

> In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* The previous action is conclusive for all claims that were or that could have been litigated in the first action. *See Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713.

(Emphasis added.) *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 2009-Ohio-1704, ¶ 27.

> [R]es judicata is not to be so rigidly applied 'when fairness and justice would not support it.' *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30, citing *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001) (res judicata is not to be so rigidly applied as to defeat the ends of justice or to create an injustice).

*AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. America,* 2023-Ohio-3097, ¶ 18. The doctrine should not be employed when its application results in a manifest injustice or when it contravenes an overriding public policy. *Id.*

{¶22} The four elements of res judicata or claim preclusion are (1) a prior valid judgment on the merits; (2) a second action involving the same parties; (3) the second action raises claims that were or could have been litigated in the first action; and (4) both actions arise out of the same transaction or occurrence. *Sheridan v. Metro. Life Ins. Co.,* 2009-Ohio-1808, ¶ 12 (10th Dist.), citing *Reasoner v. Columbus*, 2005-Ohio-468, ¶ 5, and *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 381-382 (1995).

{¶23} Talib and Grace's 2025 complaint reasserts claims arising from the same nucleus of facts that was the subject matter set forth in their complaint filed in their 2024 lawsuit. In both actions, Talib and Grace seek to recover damages allegedly sustained as a result of a discriminatory encounter they experienced as customers at a Perkins Restaurant in April of 2023 and in phone calls with the restaurant about their experience. In each cause of action, Talib and Grace alleged they had to wait to be seated and they were then not seated near the window or near the "white customers." Talib and Grace alleged the delay in their service and seat placement was racially motivated and discriminatory. Additionally, Talib and Grace claimed the series of phone calls about their experience caused them harm. In each complaint, they rely on the Ohio CSPA and asked for damages for emotional distress; threat of force and intimidation for a hostile environment; and intentional infliction of harm and racism.

{¶24} In the first and prior action, the trial court found Talib and Grace failed to demonstrate a violation of the CSPA and did not identify a deceptive or unfair practice or act. We affirmed. Because the allegations in the 2024 case generally allege the plaintiffs were racially discriminated against by a Perkins' employee in Austintown, Ohio in April of 2023 when she did not seat them at a table by the window are the same as those raised in the 2025 complaint, we agree res judicata applies to the claims herein.

{¶25} A review of the proceedings confirms the 2025 complaint and our decision in the prior case show Talib and Grace were reasserting the same or similar claims arising from the same transaction that was the subject matter of the 2024 action. Thus, this

Case No. 25 MA 0079

aspect of Talib's first assigned error lacks merit. Talib's previous action was conclusive for all claims that were or could have been litigated.

**{¶26}** The second discernable assignment of error in Talib's brief contends Appellees "violated the 28-day response rule." Civ.R. 12(A)(2) generally states a party shall file a responsive motion 28 days after service. Talib does not identify any facts supporting her argument in this regard.

**{¶27}** This argument seems to stem from Talib's prior civil case. In the prior case, Grace argued on appeal the Perkins defendants did not timely answer or defend the complaint. We disagreed and found the motion to dismiss was timely because Grace had not complied with the rules of service in Civ.R. 4.1. *Grace v. Perkins Restaurant* at ¶ 29.

**{¶28}** In this case, the complaint was filed March 10, 2025. Appellees filed their motion to dismiss 28 days later on April 7, 2025. Thus, we do not perceive a violation of the 28-day response rule. This argument lacks merit.

**{¶29}** Next, Talib claims the court of appeals has an obligation to "expand the law to protect [her] against racial discrimination." Talib does not provide any authority or analysis in support of this contention.

**{¶30}** First, we emphasize "it is not the function of the court of appeals to root out law in support of an argument, App.R. 16(A)(7)." *Matter of E.T.*, 2023-Ohio-444, ¶ 58 (7th Dist.). Because this argument is unsupported, we do not construct it for Talib. This assignment could be overruled for this reason. *Byers DiPaola Castle v. Ravenna City Planning Comm.*, 2011-Ohio-6095, ¶ 35 (disregarding conclusory arguments unsupported in appellant's brief).

**{¶31}** Nevertheless, we also note the function of courts is to apply the law as written by the General Assembly. *Clark v. Scarpelli*, 91 Ohio St.3d 271, 291 (2001), citing *Cablevision of the Midwest, Inc. v. Gross*, 70 Ohio St.3d 541, 544 (1994). Our role is not to legislate or expand the law. Thus, Talib's argument that we must expand the law to protect against racial discrimination lacks merit and is overruled.

**{¶32}** Finally, as her fourth assignment, Talib appears to assert new claims and references new provisions for the first time on appeal.

**{¶33}** In her merit brief, Talib appears to allege that Appellees violated Title 41 of the Ohio Revised Code, R.C. 4112, and violated her civil rights. Talib cites R.C.

4112.02(G), (I), and (J); R.C. 2307.60(A)(1); R.C. 2905.12(A); R.C. 2917.21(A)(10) and (B)(1); R.C. 2917.32; R.C. 128.32(E) and (F); and R.C. 2909.04(A)(1). Talib also references R.C. 2921.13(G) and R.C. 2921.13(A)(2) and (3). She refers to allegations of civil falsification, civil liability for criminal acts, coercion, telecommunications harassment, disrupting public services, and intentional infliction of emotional distress. These statutes and claims are not raised in her complaint.

**{¶34}** Because parties cannot raise new arguments for the first time on appeal, we decline to address them. *Falcon Drilling Co., LLC v. Omni Energy Group, LLC*, 2024-Ohio-2558, ¶ 80 (7th Dist.); *State v. Fleischer*, 2023-Ohio-3597, ¶ 17 (7th Dist.) (parties cannot change the theory of their case on appeal). To the extent Appellant references statutes or refers to potential claims or causes of action for the first time on appeal, we disregard them.

**{¶35}** Moreover and as stated, because allegations of this nature *could have been raised* in Talib's prior civil action, res judicata applies and bars such claims as well. *State ex rel. Norris v. Adult Parole Auth.*, 2025-Ohio-5011, ¶ 10. This assigned error lacks merit and is overruled.

## Conclusion

**{¶36}** In light of the foregoing, each of Talib's arguments lacks merit. The trial court's judgment dismissing the underlying complaint is affirmed.

Hanni, J., concurs.

Dickey, J., concurs.

Case No. 25 MA 0079

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**